Hempiiill, C. J.
The appellant, under the first provision of the 29th section of the land law of 1837, claims a league and labor of land, and appeals from a judgment granting him only one-third of a . league.
This provision declares “ that every volunteer who arrived in this .■republic after the 2d of March, 1836, and before the 1st of August, 1836, .and has received, or may hereafter receive an honorable discharge, and has taken the oath prescribed by the constitution, or who may have died, shall receive the quantity of land prescribed by this act to original colonists,” etc.
The record shows that the appellant arrived in the country as a volunteer, between the 2d of March and 1st of August, 1830; that he received an honorable discharge as lieutenant colonel of infantry on the first day of March, 1837; that he was the head of a family in thy United States, and that his family was not introduced into the country prior to ..the first day of January, 1840.
*(403) On these facts the court gave judgment for the appellant for one-third of a league, and the appellee contends that this judgment is without error and should be affirmed.-
The issue between the parties* and the only one, is not whether the claimant is entitled to any land as a headright, but whether he is entitled to one-third or the whole of a league and labor of land; and the solution of the question, as it is presented to the court by the facts and the argument, depends upon whether the claimant was under legal and indispensable obligation to introduce his family into the country before 1840, in order to substantiate his claim as a head of a family for the largest amount of land .secured to original colonists.
This is the only point raised and it will alone be determined.
The provisions of the statute before recited grant- to the volunteer arriving before the 1st of August, 1836, the amount of land to which a colonist is entitled. The colonist or citizen of the country at the declaration of independence was entitled, if he had a family in Texas, to a league and labor of land. No portion of the law, however, justifies the deduction that a colonist, from the isolated fact of his being the head of a family, is entitled to one acre unless the family is resident in Texas.
In the case of Young v. The Republic, the late court decided, that an emigrant whose family, from special circumstances, did not accompany him on his removal to the country, but which, at the earliest possible opportunity, was introduced into the territory, and was in the meantime without a fixed domicile elsewhere, should receive the full amount of bounty bestowed by the government on the heads of families. This construction was one founded on the spirit, and not on the letter of either the colonization laws or of the constitution or of the land law of 1837.
But though the general provision of the law was that the family must have been domiciliated in Texas at the declaration of independence or at the time the right to their claims originated, yet a special exception was made in favor of the military engaged at a designated period in the service of Texas.
By the 30th section of the land law of 1837, it is provided that “all officers and soldiers who engaged in the service of Texas previous to the 1st of March, 1837, whose families are now here, or may arrive within twelve months from the date of their discharges, shall be entitled to the same quantity of land as they would have been entitled to if their families had emigrated with them to the country.”
The congress was well apprised that perhaps comparatively but few of the volunteers, who had rushed to the rescue of the country, had *(404) brought their families with them into all the horrors and miseries of war, and therefore, while not violating entirely a settled rule in the distribution of the public domain, an exception was made in favor of the gallant soldier, so far as not to dispense altogether with the introduction of his family, but to give him twelve months after the date of his discharge to arrange his business and make the necessary preparations for the removal of- his household within the limits of the republic.
This exception, while it conferred a high privilege, established by resistless implication, the general rule that a claim as the head of a family cannot be sustained without its actual domiciliation on the soil. The expressions used negative the presumption that a family in a foreign government can be made the foundation of a meritorious claim to a portion of the public lands of Texas, or that our land system was framed for the purpose of encouraging and rewarding the matrimonial relation throughout the world, and not for the especial benefit of actual residents on our soil and as an inducement to immigration and for the purpose of securing all the advantages flowing from an increased population.
The officers and soldiers are to have the same quantity of land on the bringing in of their families as if they had emigrated with them to the country, plainly implying that as a general rule families must accompany the emigrants in order to entitle them to the quantity which is distributed and allowed to the head of a family. The exception made to this general provision on the subject must be literally complied with in order that the beneficiaries under this special grant may derive any benefit from the privilege there accorded. By the regulations applicable to the cases of all other claimants, they would not be allowed the claim without the actual presence of the family on the soil, and the further privilege extended in their cases being coupled with a condition precedent is totally inoperative without a literal performance of the condition by which it is qualified.
From the year 1841 in the late court, and in this at its present session, we have by a course of uniform decisions maintained that the jurisdiction to hear and maintain land claims was a special one, limited by certain restrictions and qualifications, and that the delegated authority must be strictly pursued according to its terms; that whatever may be the hardship of particular cases, it was not in the power of a court acting under special authorities to exceed the limits of its jurisdiction, and to attempt a remedy which could be properly afforded only by the- legislative department of the government.
The principles uniformly laid down on this subject are applicable *(405) to the present and all other cases growing out of the statutes authorizing an investigation of headlight claims. The claim of an applicant cannot be sustained without making the proof and complying with all the requisites prescribed in the laws regulating such applications. The 30th section extends the privilege to all officers and soldiers without distinction; and we cannot perceive that the applicant’s case is excluded, as is argued by his counsel, from the sweeping expressions of the provisions, or that if it were,, it might be established in other provisions of the land law. The 31st'provides that claimants under the 29th section shall make the proof which is required of other claimants; thus subjecting them to the same proof which is required of all other recipients of the land bounty, unless so far as an exception be made in their favor by the 30th section of the law.
The exception in this latter section was afterwards extended to the first day of January, 1840. It is admitted that the family of the appellant was not introduced until even after that date, and his claim to a league and labor of land cannot therefore be sustained.
As we have before said, the issue which has been made up between the applicant and the government is not, whether the former be entitled to any land under the proof, but whether, he has a good claim to a league and labor. This we have decided to be without valid legal foundation, and as the state is satisfied with the decision as rendered below, it is not necessary to enter into anj further examination of the facts set forth in the record. The presumptions from the facts as stated are, that the claimant possessed all the qualifications entitling him to a third of a league; and as the court below was of opinion that the necessary facts were proven, and no dissatisfaction is expressed by the appellee, it is ordered, adjudged and decreed that the judgment of the court below be affirmed, and that the appeal be dismissed.